UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DALE S.[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 22-13030 <br> Honorable Laurie J. Michelson <br> Mag. Judge David R. Grand |

**ORDER ADOPTING REPORT AND RECOMMENDATION [19], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]**

Dale S. applied for disability insurance benefits in 2018 due to a number of conditions, including post-traumatic stress disorder, severe depressive disorder, and insomnia. (ECF No. 8-2, PageID.33; ECF No. 8-3, PageID.90.) The Commissioner of Social Security denied Dale's claim, and Dale now seeks judicial review of that denial under 42 U.S.C. § 405(g). (ECF No. 1.) On March 12, 2024, Chief Magistrate Judge David R. Grand issued a Report and Recommendation (ECF No. 19) to grant the Commissioner's motion for summary judgment (ECF No. 13), affirm the Administrative Law Judge's decision denying Dale's claim, and deny Dale's motion for summary judgment (ECF No. 11).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

At the conclusion of his Report and Recommendation, Judge Grand notified the parties that they were required to file any objections within fourteen days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived." (ECF 19, PageID.3019.) That deadline has passed and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." *See also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155. And "although exceptional circumstances may warrant departure from this forfeiture rule in the interests of justice, no such circumstances are present in this case." *White v. AJM Packaging Corp.*, No. 23-1618,

2024 U.S. App. LEXIS 5824, at *4 (6th Cir. March 11, 2024) (citing *Thomas*, 474 U.S. at 155; *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012)).

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation (ECF No. 19) and accepts the recommended disposition. It follows that the Commissioner's motion for summary judgment (ECF No. 13) is GRANTED and Dale's motion for summary judgement (ECF No. 11) is DENIED. A separate judgment will follow.

SO ORDERED.

Dated: March 27, 2024

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE